IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN P. STRAHAN, 11005-078, ) | |
| Petitioner, ) | |
| v. ) | No. 3:07-CV-610-B |
| ) | ECF |
| WARDEN DAVID BERKEBILE, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Parties**

Petitioner is an inmate confined in the Seagoville Federal Correctional Facility. Petitioner is proceeding pro se and brings this suit pursuant to 28 U.S.C. § 2241. Respondent is David Berkebile, Warden of the Seagoville Federal Correctional Facility.

**II.    Factual Background**

Petitioner claims his constitutional rights to due process were violated when he was wrongfully found guilty of committing a disciplinary violation. On May 20, 2006, a correctional officer conducted a search of Petitioner's cell. The officer found five pills of Indomethacin, a prescription medication, in Petitioner's bed. Petitioner states that he denied ownership and knowledge of the pills. He states that his cell is located in a common area and that other inmates have access to his cell. Petitioner alleges the officer falsely wrote an incident report claiming that Petitioner confessed to receiving the pills from another inmate.

**Findings and Conclusions of the
United States Magistrate Judge**                Page -1-

The staff Disciplinary Hearing Officer (DHO) found that Petitioner committed the disciplinary violation. The DHO sanctioned Petitioner with the loss of thirteen days of good conduct time and sixty days of commissary, telephone and visiting privileges. Petitioner filed this habeas corpus petition requesting that this Court overturn the DHO's decision.

## III. Discussion

Petitioner claims his due process rights were violated as a result of the disciplinary hearing.

### 1. Loss of privileges

The Supreme Court has stated that the Due Process Clause does not protect every change in the conditions of confinement. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). A prisoner has no inherent constitutional right to any particular classification or custody level. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Further, depriving a prisoner of commissary privileges or restricting him to his cell for a period of time as punishment for a disciplinary offense are "merely changes in the conditions of his confinement, and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, Petitioner's habeas corpus claims arising from his loss of privileges are without merit and should be denied.

### 2. Loss of good time credits

Unlike loss of privileges, loss of good time credits can effect the duration of confinement, and are properly brought in a habeas corpus petition. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). Petitioner's due process claims regarding the loss of good time credit must be analyzed in the context of the prison setting. Although prisoners do retain rights under the Due Process

Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).

In the context of a prison disciplinary hearing, due process requires that an inmate be provided: (1) at least twenty-four-hour advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-66; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, if some of the procedural safeguards are overlooked, the petitioner must show resulting prejudice to establish a constitutional violation. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)).

**(a) Process provided**

In this case, the record shows that prison officials did not violate Petitioner's due process rights. Prison officials notified Petitioner of the disciplinary charges on May 21, 2006. The disciplinary hearing was held June 1, 2006. (Mot. To Dismiss Ex. B, C). Petitioner, therefore received at least twenty-four-hour advance notice of the charges. Petitioner requested, and received, a staff representative for the hearing. (*Id.* at Ex. C, p.16). Petitioner was given the opportunity to present documentary evidence, and he submitted a statement. (*Id*). Petitioner was given the opportunity to present witness, but he did not do so. (*Id*). Finally, the Hearing Officer provided Petitioner with a written statement detailing the evidence he relied upon in finding Petitioner guilty. (*Id*. at Ex. C, pp. 18-19). Petitioner's due process claims should be denied.

**(b) Sufficiency of the evidence**

Petitioner also argues there was insufficient evidence to show he committed the disciplinary violation. The correctional officer who found the pills stated that Petitioner claimed he received the pills from another inmate and that he takes them for headaches. (*Id*. at Ex. D, p.18). Petitioner denies that he made this statement. He claims he said he thought the pills were for headaches, but they were not his pills. He also asserts that other inmates had access to his cell because his cell is in a common area.

In the setting of prison disciplinary proceedings, due process requires only that there be "*some* evidence to support the findings." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981) (stating courts must determine "whether any evidence at all supports the action taken by prison officials."). In this case, the correctional officer stated that Petitioner claimed ownership of the pills. Although Petitioner denies making this statement, the Hearing Officer could have found the officer's statement to be credible. The Court therefore finds there is at least some evidence in the record to support the Hearing Officer's determination that Petitioner committed the disciplinary violation. Petitioner's claims should be denied.

**RECOMMENDATION**

The Court recommends that Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied with prejudice.

Signed this 8th day of January, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).